

THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**ZACHARY W. CARTER**
*Corporation Counsel*

**DANIEL G. SAAVEDRA**
*Assistant Corporation Counsel*
Phone: (212) 356-0892
Fax: (212) 356-3509
Email: dsaavedr@law.nyc.gov

August 1, 2016

**BY ECF**
Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re: *Frank Gilliard v. City of New York, et al.,* 14 Civ. 4665 (AT) (GWG)

Your Honor:

      I am an Assistant Corporation Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, assigned to the defense of the above-referenced matter on behalf of defendants City of New York and Detective Ortiz (hereinafter "defendants"). For the reasons set forth herein, defendants write to respectfully: (1) inform the Court of their intention to move for summary judgment pursuant to Fed. R. Civ. P. 56; and (2) request the Court's endorsement of the proposed briefing schedule.

      The complaint in this case alleges, *inter alia*, that plaintiff was subjected to false arrest on May 21, 2013. Specifically, plaintiff alleges that he was arrested without probable cause on May 21, 2013 and charged with, *inter alia*, Robbery, Grand Larceny, Assault, and Criminal Possession of Stolen Property. Plaintiff further alleges that the criminal charges arising from his May 21, 2013 arrest were ultimately dismissed by a grand jury on June 3, 2013.

      Summary judgment is warranted in this case because there was probable cause to arrest plaintiff. "The existence of probable cause to arrest constitutes justification and 'is a complete defense to an action for false arrest . . . .'" *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) (quoting *Bernard v. United States*, 25 F.3d 98, 102 (2d Cir. 1994)). Probable cause exists "when the arresting officer has knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested." *Singer v. Fulton County Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995). "'It is well-established that a law enforcement official has probable cause to arrest if he received his information from some person, normally the putative victim or eyewitness.'" *Wieder v. City of New York*, 569 F. App'x 28, 29 (2d Cir. 2014).

- 2 -

In this case, a complaining witness filed a police report indicating that a man fitting plaintiff's description had robbed her of her cell phone. This same witness later identified plaintiff in a line-up conducted by defendant Ortiz. For the reasons set forth herein, defendants respectfully submit that they have a good faith basis to move for summary judgment pursuant to Fed. R. Civ. P 56. Accordingly, defendants respectfully request the Court's endorsement of the briefing schedule outlined below:

| | |
|---|---|
| Motion papers served and filed by defendants: | September 16, 2016 |
| Opposition papers served and filed by plaintiff: | October 28, 2016 |
| Reply papers, if any, served and filed by defendants: | November 11, 2016 |

Defendants thank the Court for its consideration of these requests.

Respectfully submitted,

/S/

Daniel G. Saavedra
Assistant Corporation Counsel

cc: Frank Gilliard, DIN: 14-A-5535 (by First Class Mail)
*Plaintiff pro se*
Mid-State Correctional Facility
P.O. Box 2500
Marcy, NY 13403